IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| HEIDE HARBOR ) | |
| ) | CIVIL ACTION FILE NO. |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| SUNTRUST MORTGAGE, INC, ) | |
| AEROTEK, INC., ) | |
| ) | |
| Defendants, ) | |
| _____ ) | |

## NOTICE OF FILING OF COMPLAINT

Heide Harbor, Plaintiff in the above-styled action, by and through the undersigned counsel of record hereby files this Notice of filing of Complaint and states that on this day Plaintiff filed the electronic version of the original; Complaint of Heide Harbor, for consideration by the Court in connection with this matter.

This 3rd day of December, 2013.

**s/ Latanya McPherson**
Latanya McPherson
Georgia Bar No. 498904

THE McPHERSON LAW FIRM LLC.
7175 Jonesboro Road Ste. 200-A
Morrow, Georgia 30260
Telephone: (770) 961 - 4188
Facsimile: (770) 961 - 4186

COUNSEL FOR PLAINTIFF
HEIDE HARBOR

10

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| HEIDE HARBOR | ) |
|  | ) CIVIL ACTION FILE NO. |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| SUNTRUST MORTGAGE INC., | ) |
| AEROTEK, INC., | ) |
|  | ) |
| Defendants, | ) |
| _____ | ) |

## **COMPLAINT**

### I. **INTRODUCTION,**

1. This case is an action to remedy the failure of defendant to pay plaintiff overtime premium pay as required by Fair Labor Standards Act (FLSA) 29, U.S.C.§ 201 et. seq.

2. Plaintiff seeks unpaid wages, liquidated damages, costs and attorney's fees as well as declaratory relief under the FLSA.

### II. **JURISDICTION**

Jurisdiction is conferred upon this court by the Fair Labor Standards Act, by 28 U.S.C. § 1331, this action arising under laws of the United States, and by 28 U.S.C. § 1337, this action arising under Acts of Congress regulating commerce. Jurisdiction over plaintiff claim for declaratory relief is conferred by 28 U.S.C. §§ 2201 and 2202.

1

## III. <u>VENUE</u>

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b).

5. Upon information and belief, defendant SUNTRUST MORTGAGE INC., resides in the district.

6. Defendant is headquartered within this district.

7. Plaintiff labored of defendant within this district.

8. The cause of action set forth in this Complaint arose in this district.

## IV. <u>PARTIES</u>

### A. Plaintiff

9. Plaintiff HARBOR was a contract employee for defendant.

### B. Defendant

10. Defendant SUNTRUST MORTGAGE INC., lists its business address as 901 Semmes Ave Richmond, Virginia 23224-2270

    Upon information and belief, defendant corporation has business located in the state of Georgia. Defendant may be served with process through its registered agent, Corporation Service Company, 40 Technology Parkway SouthSuite, 300 Norcross, Georgia 30092. Defendant operates approximately 1,700 bank branches across southern eastern united States including with in this District.

Defendant offers retail and commercial banking services including mortgages banking, credit cards, mutual funds, insurance, equipment leasing, securities, underwriting and dealing. And asset management.

11. Upon information and belief, defendant grossed more than $ 5000, in the past fiscal year.

12. Defendant is an enterprise engaged in commerce for purposes of the Fair Labor Standards Act.

13. All actions and omissions described in this complaint were made by defendant directly or through its supervisory employees and agents.

### C. Defendant

14. Defendant AEROTEK INC., lists its business address as 3225 Cumberland Blvd. Suite 450 Atlanta, Georgia 30339. Upon information and belief defendant principal place of business is located at 7301 Parkway Drive Handover, Maryland 21076. Defendant may be served with process through its registered agent, 40 technology Parkway Southsuite 300 Norcross, Georgia 30092.

15. Defendant operates branches in the state of Georgia. In commerce for the purposes of the Fair Labor Standards Act. All actions and omissions described in this complaint were made by

3

defendant directly or through its supervisory employees and agents. Defendant is an enterprise engaged.

## V.  FACTS

16. Plaintiff HARBOR is no longer working as a contract employee for defendant.

17. On November 28th, 2011, Plaintiff began employment through AEROTEK, INC., Professional Service Company.

18. Plaintiff HARBOR employment ended on August 21st, 2012.

19. Plaintiff was primarily employed to process mortgage loan applications.

20. Plaintiff's job title was Loan Processor.

21. As a loan processor, Plaintiff HARBOR was responsible for responding to borrowers, sales personnel, reviewing credit information, reviewing loan documentation, preparing files for underwriting.

22. Plaintiff regularly worked more than 40 hours per week for defendant SUNTRUST MORTGAGE INC.

23. Beginning in December 11th, 2011 through August 21st, 2012, Plaintiff HARBOR was paid a salary for the 40 hours worked. Defendant did not pay Plaintiff HARBOR time and 1/2 premium pay for the overtime she worked.

24. On about August 17th, 2013, Plaintiff HARBOR learned that SUNTRUST MORTGAGE INC., had settled claims for backpay with her former co-workers.

25. On or about August 28th, 2013, Plaintiff HARBOR called the SUNTRUST MORTGAGE INC., 1-800 Alert Line to file a claim for back pay and spoke with a third party call representative. It was during this time she was given claim number118504754 and was told that someone from SUNTRUST MORTGAGE INC., would contact her.

26. On or about September 7th, 2013, Plaintiff received a call from Claire Canady, a SUNTRUST MORTGAGE INC., employee who left Plaintiff a message to return her call so that a telephone conference, with her and LeShanda Davis, representative of AEROTEK, INC. could be scheduled.

27. On September 11th, 2013, Plaintiff had a conference call with Claire Canady and LeShanda Davis regarding her claim for back pay.

28. On or about September 17th, 2013, Plaintiff HARBOR received an email from LeShanda Davis, employee relations manager for AEROTEK, INC., in an effort to resolve her back-pay dispute. LeShanda Davis sent Plaintiff a spreadsheet that she had obtained from SUNTRUST MORTGAGE INC., which purported to contained the hours that the Plaintiff had reported during her employment with SUNTRUST MORTGAGE INC.,.

5

29. On or about September 18th, 2013, Plaintiff responded to LeShanda Davis's email and informed her that the information that she had received form SUNTRUST MORTGAGE INC., was incorrect. Plaintiff also provided LeShanda Davis with the a spreadsheet that contained the number of hours she had worked overtime.

30. On or about September 24th, 2013, LeShanda Davis responded via email notifying Plaintiff that SUNTRUST MORTGAGE INC., was requesting the amount of hours she worked each day.

31. On or about September 25th, 2013, Plaintiff contacted LeShanda Davis via email and provided her the information that had been requested.

32. On or about September 26th 2013, Plaintiff received a response from LeShanda Davis via email requesting that Plaintiff provide her with the overtime she worked per day. On the same day, plaintiff responded via email and provided her with the information requested. This was the last contact Plaintiff had with the defendants.

33. On or about September 27th, 2013, Claire Canady responded via email and requested a phone conference for October 1st, 2013.

34. Defendant failed to pay Plaintiff HARBOR her back pay, overtime premium pay that she was due.

35. Defendant failed to pay Plaintiff HARBOR the liquidated damages that she was due under FLSA.

36. Defendant failed to pay Plaintiff HARBOR overtime compensation at the rate of time and one-half for all hours worked over 40 in a week.

37. Defendants failure to pay plaintiff HARBOR the proper wages required by law was willful.

## VI. CAUSE OF ACTION

### COUNT I (FAIR LABOR STANDARDS ACT)

38. Defendant failed to pay overtime wages to plaintiff HARBOR in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 et. seq. and its implementing regulations.

39. Defendant's failure to pay proper wages for each hour worked over 40 per week was willful within the meaning of FLSA.

40. Defendant's failure to comply with the FLSA overtime protections caused plaintiff HARBOR and suffer loss of wages and interest thereon.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff request that this Court, enter an order:

1. Declaring that the defendant violated the Fair Labor Standards Act; Jury Demanded;

2. Declaring that the defendant's violations of the FLSA were willful;

3. Granting judgment to plaintiff HARBOR for her claims of unpaid wages as secured by the Fair Labor Standards Act, as well as interest and liquidated damages;

4. Awarding plaintiff HARBOR her costs and reasonable attorneys' fees; and

5. Granting such further relief as the Court finds just.

7

This 3rd day of December, 2013.

                                      **s:/Latanya McPherson**
Latanya McPherson
GA Bar No. 498904
THE MCPHERSON LAW FIRM, LLC.
7175 JONESBORO ROAD
MORROW, GEORGIA  30260
Telephone:  (770) 961-4188
Facsimile:    (770) 961-4186
mcphersonlawgroup@att.net

ATTORNEY FOR PLAINTIFF
HEIDE HARBOR

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| HEIDE HARBOR | ) |
| | ) CIVIL ACTION FILE NO. |
| Plaintiff, | ) |
| v. | ) |
| SUNTRUST MORTGAGE, INC. | ) |
| AEROTEK INC. | ) |
| Defendants, | ) |

## CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Times roman and a point size of 14.

This 3rd day of December, 2013.

                                    **s/ Latanya McPherson**
                                    Latanya McPherson
THE McPHERSON LAW FIRM LLC.    Georgia Bar No. 498904
7175 Jonesboro Rd., Suite 200-A
Morrow, Georgia 30260
Telephone: (770) 961-4188           COUNSEL FOR PLAINTIFF
Facsimile: (770) 961- 4186            HEIDE HARBOR